1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LACHANA WILLIAMS and RUPERT WILLIAMS,<br><br>                    Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:13-cv-01983- AWI-JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFFS' FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH THE COURT'S ORDER, AND FAILURE TO APPEAR AT THE SCHEDULING CONFERENCE |

The Court held its Scheduling Conference on March 19, 2014.  Plaintiffs Lachana Williams and Rupert Williams failed to appear at the conference.  In addition, Plaintiffs failed to prepare a Joint Scheduling Report prior to the conference.

On December 4, 2013, this Court issued its "Order Setting Mandatory Scheduling Conference." (Doc. 44.)  The parties were informed that "[a]ttendance at the Scheduling Conference is *mandatory* upon each party not represented by counsel or, alternatively, by retained counsel." (*Id.* at 2, emphasis in original.)  In addition, the parties were instructed to prepare a Joint Scheduling Report and filed the document "one (1) full week prior to the Scheduling Conference." (*Id.*)  Further, the Court warned the parties: "**SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULIGN CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY**

1

1  **BE ENTERED, OR SANCTIONS INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED**

2  **AND/OR ORDERED.**"  (*Id.* at 8, emphasis in original.)  Despite these warnings, Plaintiffs failed to

3  participate in the preparation of a Joint Scheduling Report, or to appear at the Scheduling Conference.

4        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

5  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

6  and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have

7  inherent power to control their dockets," and in exercising that power, a court may impose sanctions

8  including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

9  (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute

10  an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v.*

11  *Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order);

12  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with

13  a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to

14  prosecute and to comply with local rules).

15        Accordingly, Plaintiffs are **ORDERED** to show cause within fourteen days of the date of

16  service of this Order why the action should not be dismissed for their failure to prosecute, failure

17  comply with the Court's order (Doc. 44), and failure to appear at the Court's Scheduling Conference.

18

19  IT IS SO ORDERED.

20     Dated:   **March 19, 2014**                    **/s/ Jennifer L. Thurston**

21                                  UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28