UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHANA WILLIAMS and RUPERT WILLIAMS,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.<br><br>        Defendants. | Case No.: 1:13-cv-01983- AWI-JLT<br><br>ORDER STRIKING FIRST AMENDED COMPLAINT AND THE "AMENDMENT" TO THE AMENDED COMPLAINT<br><br>(Docs. 26, 55) |

## I. Background

Plaintiffs filed their original complaint on February 5, 2013. (Doc. 21) Nearly three months later on April 29, 2013, without leave of the court or a stipulation of the parties, they filed an amended complaint. (Doc. 7) County filed its answer to the amended complaint on May 29, 2013. (Doc. 13) On August 19, 2013, Plaintiffs filed an "amendment" to their amended complaint. (Doc. 26)

On October 6, 2013, the court in the Northern District of California severed the claims filed against the USDA and transferred them to the Court of Federal Claims. (Doc. 30 at 8) At that time, the court noted a lack of jurisdiction[2] and refused to consider whether the amendments were effective. Id. Now, before the Court is First Amended Complaint and the "amendment" to the amended complaint

---

[2] Initially, the court noted that Rupert Williams "unequivocally" reported he was a resident of California, thus destroying diversity jurisdiction. Thus, the court dismissed the matter based upon a lack of jurisdiction. (Doc. 36) However, then, Rupert Williams filed a declaration stating that, in fact, he was a resident of New Jersey and had been only a temporary resident of California. (Doc. 37) As a result, the court reinstated the action and transferred the matter to the Eastern District of California. (Doc. 38)

1

filed by Plaintiffs again filed without leave to amend or a stipulation of the parties.  (Doc. 55)

**II.     Plaintiffs are not entitled to file an amendment as of right**

Federal Rules of Civil Procedure 15(a) permits a plaintiff to amend his complaint as of right only within 21 days after serving it or within 21 after the responsive pleading is filed, whichever is earlier.  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Because more than 21 days have passed since the filing of the responsive pleadings in this case, leave of the Court is required to amend the complaint.

As noted above, none of the amendments filed comported with Rule 15.  However, because County filed an answer to the amended complaint (Doc. 7), the Court does not concern itself with that amendment.  On the other hand, because Plaintiffs were not entitled to file either the "amendment" to the amended complaint or the currently filed "first amended complaint" and they failed to obtain leave of the Court before doing so, they are **STRICKEN**.

In any event, the Court notes that the stated purpose of the current amended pleading is to "drop[ ] one of the named defendant [sic] known as the United States Department of Agriculture . . ." (Doc. 55 at 1)  However, as noted above, all matters related to the USDA were severed by the court last October (Doc. 30)  and, as a result, are not at issue in this litigation. Thus, the amendment is futile. Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988).

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1.     The amendment to the amended complaint (Doc. 26) is **STRICKEN**;

2.     The "first amended complaint" (Doc. 55) is **STRICKEN**;

3.     The order to show cause (Doc. 54) is **DISCHARGED**.

Plaintiffs are reminded of their obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of the Court and they **SHALL NOT** file further frivolous pleadings.

IT IS SO ORDERED.

Dated:   **April 4, 2014**                                  /s/ Jennifer L. Thurston
                                                                               UNITED STATES MAGISTRATE JUDGE