UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LACHANA WILLIAMS and RUPERT WILLIAMS,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,<br><br>  Defendants. | Case No.: 1:13-cv-01983 - AWI - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTIONS TO MODIFY THE SCHEDULING ORDER<br><br>(Docs. 65, 66) |

Defendant County of Kern seeks modification of the Court's Scheduling Order to permit additional time to file a dispositive motion. (Doc. 66.) Plaintiffs Lachana Williams and Rupert Williams did not oppose the motion. The Court found the matter suitable for decision without oral arguments, and took the matter under submission pursuant to Local Rule 230(g) on May 6, 2015. (Doc. 67.) For the following reasons, Defendant's motion is **GRANTED**.

I.  **Background**

Plaintiffs initiated this action by filing a complaint on February 5, 2013 (Doc. 1), which they amended on April 29, 2013 (Doc. 7.) Plaintiffs assert they purchased an aircraft from the United States Department of Agriculture and the Kern County Fire Department on November 14, 2011. (*Id.* at 1, ¶ 1.) Plaintiffs allege they attempted to register the aircraft with the Federal Aviation Administration ("FAA"), but learned "the registration of the said aircraft was cancelled on December 04, 2009 at the

request of the Defendant(s) as being totally destroyed or scrapped." (*Id.* at 1-2, ¶ 1.)

Plaintiffs assert Defendants "intentionally misrepresented the sale of said aircraft and its condition in their sale description, when they falsely disclosed that the aircraft airframe hours was 2,900 hours and when they failed to disclose to the Plaintiff(s) that the aircraft . . . was deregistered by the FAA." (*Id.* at 2, ¶ 2.) According to Plaintiffs, Defendants gave them "a current registration of an aircraft that was in good standing with the FAA, that did not [match] or belong to the aircraft that the Plaintiff(s) purchased from the Defendant(s)." (*Id.*, ¶ 4.) Further, Plaintiffs allege Defendants "knowingly and willfully removed major component's[sic] from the aircraft" prior to delivering the aircraft, including two Garmin radios, a traffic system black box, a rudder trim tab position transmitter, and a light dimmer." (*Id.*, ¶ 3.)

The Court severed Plaintiffs' claims against the United States Department of Agriculture, and transferred those claims to the Court of Federal Claims for further proceedings on October 6, 2013. (Doc. 30.) Accordingly, only Plaintiffs' claims against the County of Kern ("the County") remain pending before this Court.

On March 19, 2014, the Court issued the Scheduling Order governing this action. (Doc. 53.) The Court ordered the parties to complete non-expert discovery no later than November 28, 2014, and all expert discovery no later than February 13, 2015. (*Id.* at 1, 3.) Further, the Court ordered the parties to file any "dispositive pre-trial motions no later than **April 13, 2015**." (*Id.* at 4.) On April 13, 2015, the County filed the motion now pending before the Court, seeking to amend the Scheduling Order and to extend the deadline for filing a dispositive motion. (Docs. 65, 66.)

## II.   Scheduling Orders

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (*quoting Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id.* Once entered by the Court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).

### III. Discussion and Analysis

Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). A party requesting modification of a scheduling order may be required to show:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted).

Notably, the current deadline for the filing of dispositive motions was proposed by the County prior to the Scheduling Conference. (Doc. 51 at 4.) Nevertheless, the County asserts the deadline should be extended due to complications with potential settlement discussions. (Doc. 66 at 2.) The County explains that Defendant's counsel, Judith Denny, "contacted Plaintiff Rupert Williams to meet and confer regarding the issues to be raised in a motion for summary judgment." (*Id.*) However, the parties began to discuss settling the action, and Plaintiffs expressed a "willingness to dismiss the lawsuit against the County." (*Id.*) Because Ms. Denny believed "a voluntary dismissal was likely and even imminent, and a more efficient way of resolving the action, [she] delayed preparation of a motion for summary judgment." (*Id.*) However, when Ms. Denny attempted to reach Plaintiffs on April 10, 2015, "there was no answer and no way to leave a voice message." (*Id.*) The County reports that it has not "heard anything from the plaintiff" related to the proposed stipulation for dismissal. (*Id.*)

Based upon the facts presented to the Court, it appears the County was diligent in seeking modification of the Scheduling Order when the settlement negotiations fell through and were unable to reach Plaintiffs. Consequently, Defendant complied with the requirements of Local Rule 114(d), which requires counsel to seek modification of a schedule "as soon as the need for an extension becomes apparent." Further, as the County observes, without modification of the Scheduling Order, "Defendant[] will be unable to file a dispositive motion and will be required to prepare for and engage in a trial." (*See* Doc. 66 at 2.) Accordingly, the Court finds good cause exists for modification of the Scheduling Order.

### IV. Order

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Defendant's motions to amend the scheduling order (Docs. 65 and 66) are **GRANTED**;
2. Any dispositive motion **SHALL** be filed no later than **June 15, 2015**, and heard no later than **July 27, 2015**;
3. The remainder of the case schedule is **VACATED** and the matter will be rescheduled, as needed, once dispositive motions are resolved.

IT IS SO ORDERED.

Dated: **May 13, 2015**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE